**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOLLIS, INC.; EYEFULL, INC.,

           Plaintiffs - Appellants,

   v.

COUNTY OF SAN BERNARDINO,

           Defendant - Appellee.

No. 12-57008

D.C. No. 5:94-cv-00246-RT-BQR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Submitted February 4, 2014[**]
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior District Judge.[***]

Tollis, Inc. and Eyefull, Inc. (collectively "plaintiffs") appeal from district court

orders denying their applications for a temporary restraining order, a preliminary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable C. Roger Vinson, Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

injunction, and Federal Rule of Civil Procedure 60(b) relief.

**1.** The County did not violate the settlement agreement or the implied duty of good faith and fair dealing because the agreement does not require the County to identify a suitable location of an adult-oriented business. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) ("[I]ntent is to be inferred, if possible, solely from the written provisions of the contract."); *Foley v. Interactive Data Corp.*, 765 P.2d 373, 394 (Cal. 1988) ("The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract . . . .").

**2.** The agreement did not impose an unconstitutional condition. The County had a legitimate interest in settling plaintiffs' constitutional claims. That interest, in turn, had a close nexus with the right waived—the plaintiffs' ability to litigate further their claims. *See Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1399 (9th Cir. 1991).

**3.** Claim preclusion bars plaintiffs' First Amendment claims. The parties and claims are identical to those in the 2002 action, the district court had jurisdiction to enter the consent decree, and the consent decree was a final judgment. *See Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1211–12 (9th Cir. 2009).

**AFFIRMED**.